UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IVANOLA BRADLEY                          CIVIL ACTION

VERSUS                                   NO:    24-361

EVANSTON INSURANCE COMPANY               SECTION: "R" (4)

## ORDER

Before the Court is Defendant's **Motion to Compel (R. Doc. 30)**, seeking to compel the Plaintiff to permit Defendant's engineer to inspect the residential rental property at issue in this litigation. The Motion is Opposed. R. Doc. 32. The Motion was heard on the briefs on January 8, 2025.

## I.    Introduction

### A.  Factual Background

This litigation arises from a property damage claim made by Plaintiff Ivanola Bradley ("Plaintiff"), based on damages that Plaintiff's property at 468 Jackson Avenue, New Orleans LA ("Property") allegedly sustained on August 29, 2021, due to Hurricane Ida. R. Doc. 1-1 at 5. Plaintiff's Property was subject to an insurance policy with Defendant Evanston Insurance Company ("Defendant"). R. Doc. 1 at 6. After Hurricane Ida, Plaintiff alleges that she filed a claim for the loss allegedly sustained in the storm, and that Defendant later sent a claims adjuster to inspect the Property. R. Doc. 1-1 at 6. Plaintiff alleges that Defendant's inspection constituted satisfactory Proof of Loss, and yet Defendant failed to tender sufficient funds for losses caused by this damage to date. *Id.*

Plaintiff filed suit against Defendant in the Civil District Court for the Parish of Orleans on August 29, 2023, raising claims of breach of contract and bad faith. R. Doc. 1-1 at 8. Defendant removed the suit to this Court on February 9, 2024. R. Doc. 1 at 1.

On April 10, 2024, Defendant filed an Answer alleging that Plaintiff has no right of action because she is not a Named Insured, spouse of the Named Insured, or resident of the same household as the Named Insured. R. Doc. 9 at 4. Instead, Defendant alleges that the Named Insured under the Policy was Edmond Comeaux, who passed away in 2016. *Id*. at 1. R. Doc. 33 at 2. Defendant contends that the policy at issue was applied for under Mr. Comeaux's name several years after his death. *Id*.

On July 17, 2024, the Court granted Defendant's Motion to Opt Out of the Court's Hurricane Ida Case Management Order, finding that the issue of whether Plaintiff's claims are futile should be resolved before proceeding with the next phase of the Court's Streamlined Settlement Program. R. Doc. 20 at 4.

### B. Subject Motion

Defendant filed the subject Motion on December 20, 2024, seeking to compel Plaintiff to permit Defendant's engineer, Kevin Vanderbrook, P.E., to inspect the Property. R. Doc. 30. Defendant contends that although a primary focus of this lawsuit to date has been whether Plaintiff has any rights under the policy at issue, they are entitled to seek relevant evidence regarding Plaintiff's claims. R. Doc. 30-1 at 2. *See also* R. Doc. 33 at 3. Defendant contends that Plaintiff has retained her own engineer and public adjuster but has denied Defendant's request to allow Vanderbrook to inspect the property to evaluate Plaintiff's experts' opinions. *Id.* at 1. Defendant contends that an inspection is necessary to reconcile the dispute regarding the cause and scope of damages to the Property and scope of necessary repairs. *Id.* at 5.

Defendant contends that this would be the first inspection by an engineer since the Plaintiff submitted her public adjuster's estimate and engineer's report. R. Doc. 33 at 1. Defendant further contends that Plaintiff's refusal to cooperate has limited Defendant's ability to evaluate Plaintiff's

claims and adhere to the Court's Scheduling Order, which set a deadline for defense expert reports on January 30, 2025. R. Doc. 30-1 at 1.

Defendant contends that the requested inspection is neither burdensome nor oppressive, and that Defendant would be unduly prejudiced if Plaintiff were the only party entitled to present an engineer at trial as an expert on the cause of the alleged damage. R. Doc. 30-1 at 4. Defendant also contends that Plaintiff has failed to identify any insufficiencies with the description of the requested inspection, and that Plaintiff is required to cooperate with Defendant's investigation under the terms of the Policy at issue. *Id. See* R. Doc. 30-8 at 13. *See also* R. Doc. 33 at 3-4. Therefore, Defendant contends that the Court should compel Plaintiff to allow Vanderbrook to inspect the Property and grant Defendant's request for attorneys' fees due to Plaintiff's unreasonable obstruction of Defendant's inspection. *Id.* at 5.

Plaintiff contends that Defendant should be prohibited from inspecting the Property so late in this litigation, especially considering that Defendant failed to follow through on any of its multiple attempts to schedule Vanderbrook's inspection before Plaintiff filed suit. R. Doc. 32 at 1. Plaintiff characterizes Defendant's request as a "second inspection", in light of inspection that occurred during Defendant's adjustment of Plaintiff's claim, and contends that Defendant would not be permitted to conduct such an inspection under the CMO. *Id.* at 6. Plaintiff contends that she satisfied her obligation to cooperate with the Defendant when she permitted the first inspection of the Property during the adjustment of her claim and implored Defendant to reinspect for years afterward. *Id.* at 7.

Plaintiff contends that Defendant's tactics, including filing the subject Motion "at the eleventh hour", have prolonged Plaintiff's suffering and the continued suffering of her tenants. R. Doc. 32 at 1. Plaintiff further contends that the subject Motion contradicts Defendant's assurance

to her that it would quickly resolve or litigate the allegations regarding Plaintiff's lack of standing to avoid unnecessary discovery, litigation, and costs. *Id.* at 3. Plaintiff further contends that an award of fees is unwarranted, since Defendant's dilatory tactics in requesting to reinspect the property just days before the expert report deadline would make such an award unjust. *Id.* at 7-8. Therefore, Plaintiff contends that the Motion should be denied. *Id.*

## II.    Standard of Review

Federal Rule of Civil Procedure 26(b)(1) sets the scope of discovery to include "any non-privileged matter that is relevant to any party's claim or defense[.]" FED. R. CIV. P. 26(b)(1). Rule 26(b)(1) further specifies that "[i]nformation within this scope of discovery need not be admissible in evidence to be discovered." *Id.* Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

Rule 34 allows a party to request to enter onto "designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect…the property." FED. R. CIV. P. 34(a)(2). The request must (1) describe each item or category of items to be inspected with reasonable particularity and (2) specify a reasonable time, place, and manner for the inspection and for performing the related acts. FED. R. CIV. P. 34(b)(1)(A)-(B). Rule 34 further provides that the responding party must provide a written response within thirty days of service. FED. R. CIV. P. 34 (b)(2)(A).

Rule 37 allows a party to move for an order compelling discovery from another party in certain circumstances and provides sanctions for failure to cooperate with discovery. In particular,

Rule 37(a)(3)(B)(iv) allows a party seeking discovery to move for an order where a party "fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34."

A Motion to Compel under Rule 37(a) must allege that the responding party has failed to properly cooperate with discovery and "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. P. 37(a)(1).

I.    **Analysis**

A.    **Request to Compel Inspection**

Defendant contends that their inspection requests complied with Rule 34 because they identified the Property, explained the scope of and reason for the inspection, and included several reasonable times for the inspection. R. Doc. 30-1 at 3. R. Doc. 33 at 3-4. Defendant further contends that the inspection is limited to the engineer's evaluation of the purported damage that Plaintiffs claims was caused by Hurricane Ida but was not identified as hurricane-related by the independent adjuster. *Id.* at 3-4. Defendant contends that the inspection is not burdensome or oppressive, and that they would be unduly prejudiced if they cannot conduct an inspection to evaluate Plaintiff's claims and present an engineer at trial as an expert on the cause of the claimed damages. *Id*. Defendant further contends that it did not abandon its right to have an engineer inspect the Property, since the only prior inspection was performed by an independent adjuster more than a year before Plaintiff submitted her public adjuster and engineer reports and demanded more money based on their findings. R. Doc. 33 at 3-4. Finally, Defendant contends that the CMO has no application to this lawsuit. *Id*.

Plaintiff contends that Defendant has not followed through on scheduling Vanderbrook's inspection of the Property, which was first discussed on November 6, 2023, until just days before the expert report deadline. R. Doc. 32 at 5. Plaintiff contends that Defendant failed to state what aspects of the property it seeks to reinspect or the manner in which it seeks to conduct the reinspection with reasonable particularity, in violation of Rule 34. *Id*. Plaintiff further contends that they have submitted hundreds of photographs, measurements, and other information regarding the Property in the multiple reports already provided to Defendant. *Id.* Therefore, Plaintiff contends that a last-minute request to reinspect is duplicative and oppressive. *Id*. Plaintiff further contends that but for Defendant's disputed claim on Plaintiff's standing, the Court's CMO would apply and that the CMO would not permit such a reinspection. *Id.* at 6-7. Plaintiff further contends that although she has met her obligations to cooperate with Defendant under the policy, Defendant cannot simultaneously question her rights under the Policy and enforce her obligations under the Policy. *Id.* at 7.

Although Rule 34 is construed broadly, federal jurisprudence provides that the Court must conduct a more searching inquiry into the necessity of inspections because entry onto a party's premises may engender greater burdens and risks than mere production of documents or deposing witnesses. *Moreno v. Weeks Marine, Inc.,* No. 22-4267, 2023 WL 5672034, at *2 (E.D. La. Sept. 1, 2023) (Currault, M.J.). Fifth Circuit jurisprudence provides that the Court should balance "the degree to which the proposed inspection will aid in the search for trust…against the burdens and dangers created by the inspection." *Moreno,* No. 22-4267 at *2. Additionally, the Court has discretion to impose limitations on inspections for safety and logistical purposes. *Id.* (citing *XL Ins. America, Inc. v. Associated Terminals, L.L.C.*, No. 20-427, 2020 WL 12893773 (E.D. La. Sept. 25, 2020) (Douglas, M.J.)).

In *Washington v. Safepoint Insurance Company*, the Court found that although the defendant insurer's request for inspection in a Hurricane Ida suit was well founded, the defendant had not properly issued a Rule 34 request for inspection. No. 22-4054, 2024 WL 474673, at *3 (E.D. La. Feb. 7, 2024) (Currault, M.J.). Instead, the defendant had sent an email requesting an inspection without any evidence of a corresponding written discovery request or the plaintiff's written consent to service via electronic means as required by Rules 5 and 34. *Washington,* No. 22-4054 at *3. The Court noted that even if the defendant had properly served its property inspection request, it did not provide the plaintiff with the requisite thirty days to respond in writing as mandated by Rule 34(b)(2)(A). *Id.* Therefore, the Court denied the defendant's request to compel an inspection of the plaintiff's property at issue. *Id.*

Rule 34 is clear that a request for inspection must: (1) describe each item or category of items to be inspected with reasonable particularity and (2) specify a reasonable time, place, and manner for the inspection and for performing the related acts. FED. R. CIV. P. 34(b)(1)(A)-(B). Additionally, the requesting party must give the responding party thirty days to respond in writing. FED. R. CIV. P. 34 (b)(2)(A). *Washington,* No. 22-4054 at *3.

In the present case, there is no evidence that Defendant issued a formal Rule 34 request for inspection. Defendant's first request to inspect Plaintiff's property during discovery in this matter did not occur until December 3, 2024. R. Doc. 30-1 at 2. This request took the form of an email, which simply asserted that Vanderbrook was available to inspect the property on the 9th, 18th, 19th, 20th, and 23rd of December 2024. *See* R. Doc. 30-2. There is no indication that Defendant issued any corresponding Request for Inspection in writing or sought Plaintiff's written consent for service by electronic means. Even if Defendant had done so, the brief language of the request does not "describe each item or category of items to be inspected with reasonable particularity." FED.

R. Civ. P. 34(b)(1)(A)-(B). Additionally, neither the initial request nor any of their follow-up correspondence with Plaintiff provides them with thirty days to respond as required by Rule 34. *See* R. Doc. 30-3. *See also* R. Doc. 30-4. *See also* R. Doc. 30-7. Fed. R. Civ. P. 34 (b)(2)(A). *Washington,* No. 22-4054 at *3.

Defendant has not provided any explanation for its delay in seeking to inspect Plaintiff's Property, nor its failure to properly issue a Request for Inspection in compliance with Rule 34. The Court shall not grant a motion to compel an inspection based solely on informal correspondence of counsel. *Washington,* No. 22-4054 at *3. *See also Abe's Boat Rentals, Inc. v. WAS Marine Service, Inc.*, No. 16-14570 c/w 16-14645, 16-14895, 2017 WL 6442155, at *2-3 (E.D. La. Nov. 9, 2017) (Roby, M.J.) (denying a request to compel an inspection pursuant to a properly issued Rule 34 Request to Inspect on the basis that the Motion to Compel was filed before the thirty-day deadline to respond had lapsed and was therefore premature). Accordingly, the Court denies Defendant's request to compel on the basis that Defendant failed to properly issue a Rule 34 Request for Inspection. *See Innovative Automation, LLC v. Amazon.com, Inc.*, No. 12-881, 2013 WL 12140171, at *2 (E.D. Tex. Nov. 13, 2013) (Mitchell, M.J.) (denying motion to compel inspection due to improper form of request to inspect).

### B.  Request for Attorneys' Fees

Defendant also seeks an award of attorneys' fees on the basis that Plaintiff's refusal to allow an inspection was unreasonable. R. Doc. 30-1 at 5. Defendant contends that under Fifth Circuit jurisprudence, an award of attorneys' fees is "justified when a party 'engaged in dilatory tactics during discovery[.]'" *Id.* Citing *Gate Guard Services L.P. v. Perez*, 792 F.3d 554, 562 (5th Cir. 2015). Also citing *Saddler v. Musicland-Pickwick International, Inc.*, 31 Fed. R. Serv. 2d 760 (E.D. Tex. 1980). Defendant contends that Plaintiff's unreasonable refusal to allow the inspection

constitutes a dilatory tactic and has caused them to incur attorneys' fees associated with the Motion. *Id*.

Plaintiff contends that the Court should deny both Defendant's Motion to Compel and request for attorneys' fees. R. Doc. 32 at 7-8. Plaintiff contends that Defendant had the opportunity to reinspect the Property for years and refused to do so until the last minute. *Id.* Plaintiff further contends that granting attorneys' fees would be unreasonable since she has already incurred costs due to the years of Defendant's dilatory tactics. *Id*.

The Court finds that Defendant has not identified a proper, formal discovery request that Plaintiff has failed to comply with. Instead, Defendant improperly seeks to hold Plaintiff's reluctance as dilatory based on mere informal correspondence of counsel. *See Kiln Underwriting Ltd. v. Jesuit High School of New Orleans*, No. 06-4350 c/w 06-5060. 06-5057, 2008 WL 11354909, at *3 (E.D. La. Sept. 24, 2008) (Roby, M.J.) (denying a motion to compel inspection on the basis that the plaintiff could not rely on informal requests for inspect to seek relief from the Court, since such attempts to obtain information do not comply with the Federal Rules of Civil Procedure). Furthermore, the Court finds that Defendant's argument in the subject Motion is contradictory because Defendant alleges that Plaintiff is bound to cooperate under the terms of the insurance policy, yet simultaneously alleges that Plaintiff is not entitled to coverage under the policy. R. Doc. 30-1 at 4. Defendant does not explain how Plaintiff could be bound to comply with the terms of an insurance policy that Defendant alleges she is not a proper party to. Therefore, the Court denies Defendant's request for an award of attorneys' fees.

## II.    <u>Conclusion</u>

Accordingly,

**IT IS ORDERED** that the Defendant's **Motion to Compel (R. Doc. 30)** is **DENIED.**

New Orleans, Louisiana, this 27<u>th</u> day of January 2025.

_____

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**