UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IVANOLA BRADLEY                                    CIVIL ACTION

VERSUS                                             NO:    24-361

EVANSTON INSURANCE COMPANY                         SECTION: "R" (4)

## ORDER

Before the Court is Plaintiff's **Motion for Protective Order and Motion to Quash (R. Doc. 36)**, seeking to quash three subpoenas to Plaintiff's witnesses. Plaintiff also seeks a protective order staying further discovery and prohibiting the Defendant's depositions of the Plaintiff and three witnesses. R. Doc. 36 at 1. The Motion is opposed. R. Doc. 40. The Motion was heard on February 5, 2025.

I.    **Background**

   A.  **Factual Background**

This litigation arises from property damage at 468 Jackson Avenue, New Orleans LA ("Property") that was allegedly sustained on August 29, 2021, due to Hurricane Ida. R. Doc. 1-1 at 5. Plaintiff Ivanola Bradley ("Plaintiff") had an insurance policy with Defendant Evanston Insurance Company ("Defendant"). R. Doc. 1 at 6. Although she filed a claim for the storm loss, Plaintiff alleges that the carrier failed to tender sufficient funds to cover the repair costs. R. Doc. 1-1 at 6.

Plaintiff originally filed this lawsuit in state court, raising claims for breach of contract and bad faith. R. Doc. 1 at 8. Defendant removed the case based on diversity and asserts that Plaintiff is not an insured under the Policy and therefore has no right of action. *Id.* at 1. R. Doc. 9 at 4. The Defendant concedes that the Policy has been renewed several years after the original insured, Edmond Comeaux, died in 2016. *Id.*

On July 17, 2024, the Court granted Defendant's Motion to Opt Out of the Court's Hurricane Ida Case Management Order, finding that the issue of whether Plaintiff's claims are futile should be resolved before proceeding with the next phase of the Court's Streamlined Settlement Program. R. Doc. 20 at 4.

**B.  Subject Motion**

The subject Motion seeks to quash Defendant's subpoenas for records issued to her independent public adjuster, her engineering expert, and her insurance agent. R. Doc. 36-1 at 1-2. Plaintiff also seeks a protective order to stay discovery and prevent the depositions of these witnesses and herself. *Id.* at 2, 8. Plaintiff contends that Defendant strategically delayed discovery until the last minute, and that the subpoenas and depositions at issue are costly and not appropriate under the CMO. *Id.* Plaintiff also contends that her deposition poses an undue burden because it would require her to travel from her home in Lake Charles to be deposed in New Orleans, even though the insured Property is in New Orleans. *Id.*

Defendant opposes the Motion, contending that Plaintiff has not provided any legal grounds to quash or modify the subpoenas because they are narrowly tailored, relevant, and necessary for Defendant to pursue its claims and defenses in this matter. R. Doc. 40 at 4. Defendant further contends that she has not provided any "particular and specific demonstration of fact" that should prevent them from deposing the Plaintiff or her trial witnesses. *Id.* Defendant also alleges that Plaintiff identified the witnesses at issue in her January 9, 2025, discovery responses, and that Defendant is entitled to conduct discovery into their investigations, knowledge, and opinions in this matter. *Id.* at 3-4.

## II.    <u>Standard of Review</u>

Federal Rule of Civil Procedure 26(b)(1) sets the scope of discovery to include "any non-privileged matter that is relevant to any party's claim or defense[.]" FED. R. CIV. P. 26(b)(1).  Rule 26(b)(1) further specifies that "[i]nformation within this scope of discovery need not be admissible in evidence to be discovered." *Id.* Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

Federal Rules of Civil Procedure Rule 45 governs the procedure for obtaining discovery from non-parties. Under Rule 45, a non-party served with a subpoena duces tecum may object by sending written objections to the issuing party by the earlier of fourteen days from service or fourteen days before the return date. Fed. R. Civ. P. 45(d)(2)(B). Subsequently, "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that fails to allow a reasonable time to comply…or subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

Federal Rules of Civil Procedure Rule 26(c) gives the Court broad authority and discretion to determine when and to what degree to which a protective order is warranted. FED. R. CIV. P. 26(c). *Seattle Times Co. v. Rinehart,* 467 U.S. 20, 36 (1984) ("the unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders"). *In re Leblanc*, 559 Fed. Appx. 389, 392- 93 (5th Cir. 2014).  Rule 26(c) further provides that "the court may for good cause, issue and order to protect a party or person from annoyance embarrassment, oppression or undue burden or expense. FED. R. CIV. P. 26(c).

On the merits and scope of the protective order, the burden is upon the movant to show the necessity of a protective order. *In re Terra,* 134 F.3d 302, 306 (5th Cir. 1988). To show this necessity, the movant must lay out a "particular and specific demonstration of fact" rather than "stereotype and conclusory statements." *David v. Signal Int'l LLC,* No. 08-cv-1220, 2014 WL 2581319, at *1 (E.D. La May 14, 2014) (Morgan, S.). Furthermore, "the alleged harm must be significant, not a mere trifle." *David,* No. 08-1220 at *1.

### III.  <u>Analysis</u>

#### A. Motion for Protective Order

Plaintiff seeks a Protective Order to stay discovery and prevent the Defendant from deposing her independent adjuster, engineering expert, insurance agent, and herself. R. Doc. 36-1 at 8-9. Plaintiff contends that the depositions are not appropriate because Defendant has delayed its discovery efforts to the last minute. *Id.* Plaintiff further contends that additional discovery would be costly and is not appropriate under the Court's CMO, which stays all discovery except the limited expedited discovery described in the Court's order. *Id.* See R. Doc. 3 at 3. Plaintiff also contends that she would have to travel from her home in Lake Charles to be deposed in New Orleans, which poses a significant burden on her. R. Doc. 36 at 8. Therefore, Plaintiff requests that the Court prevent the Defendant's depositions and order the parties to return to the CMO. *Id.*

Defendant contends that it has complied with the Court's Scheduling Order, and that Plaintiff has failed to show good cause for a protective order prohibiting its requested discovery in this matter. R. Doc. 40. Defendant also notes that Plaintiff did not make any timely request for the Court to reconsider its Order on Defendant's Motion to Opt Out and agreed to the deadlines in this matter at a Scheduling Conference with the Court on September 5, 2024. *Id.* at 2. Defendant further

contends that Plaintiff is seeking to use a three-hour commute as grounds from preventing Defendant from deposing her at all. R. Doc. 40 at 3.

Federal jurisprudence provides that the movant in a motion for protective order must show good cause for an order to protecting "a party or person from 'annoyance, embarrassment, oppression, or undue burden or expense.'" *Foret v. Transocean Offshore (USA), Inc.*, No. 09-4567, 2010 WL 2732332, at *3 (E.D. La. July 6, 2010) (Knowles, M.J.) (quoting FED. R. CIV. P. 26(c)). To establish good cause, the movant must show a particular need for protection based on specific demonstrations of fact. *Foret*, No. 09-4567 at *3. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Id*. Additionally, the Court must balance the movant's risk of injury and the requesting party's need for information. See *Great Lakes Insurance, S.C. v. Gray Group Investments, LLC*, No. 20-2795, 2021 WL 7708669, at *2 (E.D. La. July 30, 2021) (Currault, M.J.).

Regarding Plaintiff's deposition, federal jurisprudence provides that "a plaintiff will ordinarily be required to make himself or herself available for examination in the district in which suit was brought." *Petersen v. Petersen*, No. 14-1516, 2014 WL 6774293, at *1 (E.D. La. Dec. 2, 2014) (North, M.J.). In this case, Plaintiff originally filed suit in Orleans Parish. R. Doc. 1 at 1. However, Plaintiff alleges that her deposition would not be appropriate under the CMO, would be costly, and poses an undue burden on her. R. Doc. 36 at 8. At the hearing on this matter, Plaintiff's counsel indicated that Plaintiff is 68 years old, suffers from near-debilitating arthritis, and recently had reconstructive back surgery. Plaintiff's counsel therefore alleged that the three-hour commute to New Orleans posed a significant hardship on her.

At the hearing, the Court instructed that having someone drive Plaintiff to the deposition would address the hardship posed by holding Plaintiff's deposition in New Orleans. Additionally,

the Court found that Plaintiff's reliance on the terms of the CMO lacks merit, since the CMO no longer governs this case. See R. Doc. 20. Furthermore, the Court found that mere litigation costs and a three-hour commute were not sufficient to show good cause for a protective order preventing the Plaintiff's own deposition. See e.g. *Birkland v. Courtyards Guest House*, No. 11-349, 2011 WL 4738649, at *2 (E.D. La. Oct. 7, 2011) (Roby, M.J.) (denying a plaintiff's motion for protective order where they sought to be deposed in their home state of Arizona rather than Louisiana, on the basis that the expense of traveling to Louisiana did not present good cause for a protective order or remote deposition).

Regarding the depositions of her witnesses, Plaintiff has not filed a witness list to date but has identified her independent adjuster and engineering expert as witnesses that she may call at trial. R. Doc. 40-3 at 17-18 (Plaintiff's responses to Defendant's Interrogatories). However, Plaintiff contends that deposing her intended trial witnesses would be costly and would not be appropriate under the Court's CMO, which no longer governs this case. R. Doc. 36-1 at 8-9.

The Court finds that the burden posed by Plaintiff's litigation costs does not outweigh Defendant's interest in obtaining testimony regarding her intended trial witness's opinions and investigations in this matter. See e.g. *Dominion Exploration & Production, Inc. v. Delmar Systems, Inc.*, No. 07-9492, 2012 WL 13014990, at *2 (E.D. La. Jun. 7, 2012) (Shushan, M.J.) (denying a defendant's motion for protective order on the basis that the plaintiffs' explanation for their delay and their need for the requested discovery outweighed the defendant's burden of additional litigation costs).

Accordingly, the Court finds that Plaintiff has failed to show good cause to prevent Defendant's depositions of her intended trial witnesses. The same is true for Plaintiff's request to stay further discovery since mere preference for the CMO is not a good cause for a protective order

under Rule 26. See *Notariano v. Tangipahoa Parish School Board*, No. 16-17832, 2018 WL 3844882, at *3 (E.D. La. Aug. 13, 2018) (Wilkinson, M.J.) (noting that a request to stay discovery is construed as a request for a protective order, meaning that the movant must establish good cause). See also *David,* No. 08-1220 at *1-2 (finding that the movant had set forth mere "stereotyped and conclusory allegations", and therefore denying the motion for protective order for failure to show good cause). Therefore, the Court denied Plaintiff's request to for a protective order to stay discovery and prevent Defendant's depositions of Plaintiff and her independent adjuster, engineering expert, and insurance agent.

At the hearing on this matter, the Court instructed counsel that Plaintiff was obligated to appear for her deposition in New Orleans since the Property at issue is located in New Orleans and Plaintiff initially filed suit in Orleans Parish. R. Doc. 1-1 at 5. When the Court pressed counsel to agree on a date for this deposition, counsel agreed to conduct Plaintiff's deposition at 10:00 A.M. on February 13, 2025, at defense counsel's office in New Orleans. When pressed by the Court to agree on dates for the remaining depositions, counsel agreed to conduct the deposition of her independent adjuster for 10:00 A.M. on February 14, 2025, and depose her engineering expert on 2:00 P.M. on February 14, 2025. Finally, counsel informed the Court that the deposition of Plaintiff's insurance agent took place on January 28, 2025, before the hearing on this matter, rendering this issue moot.

### B.  Motion to Quash

Plaintiff also seeks to quash the Defendant's subpoenas to Plaintiff's independent adjuster, engineering expert, and insurance agent because it poses a financial burden. R. Doc. 36-1 at 1-2. At the hearing on this matter, the Court was informed that Plaintiff's insurance agent had already provided records pursuant to Defendant's subpoena and that the issue is now moot. However,

defense counsel asserted that they have not received any documents pursuant to their subpoenas to Plaintiff's independent adjuster and engineering expert. Counsel further asserted that when they reached out to the independent adjuster and engineering expert on the return date of the subpoenas, they were informed that Plaintiff's counsel had instructed their experts not to respond.

Defendant contends that it is entitled to perform discovery into the investigations, knowledge, and opinions of Plaintiff's intended trial witnesses. R. Doc. 40 at 4. Defendant further contends that Plaintiff has not provided any "particular and specific demonstration of fact" to prevent her trial witnesses from producing records through properly served subpoenas. *Id*.

The subpoenas to Plaintiff's independent adjuster and engineering expert were sent on January 13, 2025, and indicated a return date of January 31, 2025. See R. Doc. 36-2. See also R. Doc. 36-3. The requests for records in these subpoenas were virtually identical, and instructed them to provide the following:

1. All written and electronic correspondence with Ivanola Bradley during the period of August 29, 2020 and present pertaining to the Property.

2. All written and electronic correspondence with Tracey Comeaux during the period of August 29, 2020 and present pertaining to the Property.

3. All estimates, work orders, invoices, reports, notes, photographs, written summaries, receipts, records, and/or other documents, including drafts of documents, and electronically stored information in their possession relating to the Property.

4. All records of work or services performed in connection with the Property by or on their behalf within the past ten years.

5. All records of payments made to them for work or services performed pertaining to the Property.

6. All documents or other records provided to them at any time between August 29, 2020 and present pertaining to the Property.

7. All documents or other records they provided to Ivanola Bradley or Tracey Comeaux at any time between August 29, 2020 and present pertaining to the Property.

8. All records provided to them that in any way pertain to the lawsuit "Ivanola Bradley v. Evanston Insurance Company," Civil Action No. 24-cv-00361, U.S. District Court for the Eastern District of Louisiana.

See R. Doc. 36-2 at 6. See also R. Doc. 36-3 at 6.

The Federal Rules of Civil Procedure provide that a subpoena must be quashed or modified where it subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(A). When considering a motion to quash on the basis of undue burden, the Court considers the following: "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Crescent City Remodeling, LLC v. CMR Construction & Roofing, LLC,* 643 F.Supp.3d 613, at 617 (E.D. La. Dec. 2, 2022) (Currault, M.J.) (citations omitted). Where the subpoena is issued to a non-party, the Court may also consider the expense and inconvenience to the non-party. *Crescent City Remodeling, LLC,* 643 F.Supp.3d at 617.

In this case, the Court finds that discovery into the investigations, knowledge, and opinions of Plaintiff's intended trial witnesses is relevant and necessary for the parties to evaluate the claims and defenses in this matter. The Court further finds that any financial burden posed by these subpoenas does not outweigh the importance of the requested records. Regarding the scope and terms of Defendant's subpoenas, items 2 and 7 of Defendant's subpoena seeks correspondence to or from Plaintiff's counsel in this matter, Tracey Comeaux. Accordingly, the Court finds that items 2 and 7 are improper, on the basis that they seek privileged information. The Court additionally finds that item 8 is a catch-all request that is duplicative of items 1, 3, 4, 5, and 6.

Therefore, the Court partially grants Plaintiff's Motion to Quash, only to the extent that Plaintiff's independent adjuster and engineering expert are instructed not to respond to items 2, 7, and 8 of Defendant's subpoenas.

## IV.    Conclusion

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion for Protective Order and Motion to Quash (R. Doc. 36)** is **GRANTED IN PART and DENIED IN PART.**

**IT IS GRANTED** to the extent that Plaintiff's independent adjuster and engineering expert are instructed not to respond to items 2, 7, and 8 of Defendant Evanston Insurance Company's subpoenas. The public adjuster and engineering expert shall respond to Defendant's subpoenas **by no later than fourteen (14) days from the issuance of this Order.**

**IT IS DENIED** to the extent that Plaintiff's request for a Protective Order staying discovery and prohibiting the Defendant's depositions of Plaintiff and her independent adjuster, engineering expert, and insurance agent is **DENIED.**

New Orleans, Louisiana, this 10th day of February 2025.

**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**

**Clerk of Court to Notify:**
Gulf Coast Adjusting,
Through registered agent: Richard Lyon
4912 Clarke St.
Metairie, LA 70006

Gurtler Bros. Consultants, Inc.,
Through registered agent: Albert Nicaud
3000 18th St.
Metairie, LA 70002